UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X

GLOBAL MARITIME INVESTMENTS,

                Plaintiff,

                - against -

COMPANHIA SIDERURGICA
NACIONAL,

                Defendant.

------------------------------------------------------ X

**MEMORANDUM
OPINION AND ORDER**

08 Civ. 11199 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/9/09

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On October 16, 2009, the U.S. Court of Appeals for the Second Circuit issued its decision in *Shipping Corporation of India Ltd. v. Jaldhi Overseas Pte Ltd.*, holding, *inter alia*, that "[b]ecause [electronic fund transfers ("EFTs")] in the temporary possession of an intermediary bank are not property of either the originator or the beneficiary under New York law, they cannot be subject to attachment under Rule B."[1] On October 21, 2009, this Court issued an Order in the above captioned action directing plaintiff to show cause why this Court's order in the above captioned action directing the Clerk of the Court to issue process of

---

[1] Nos. 08 Civ. 3477 & 08 Civ. 3758, 2009 WL 3319675, at *11 (2d Cir. Oct. 16, 2009).

1

maritime attachment and garnishment and appointing a special process server pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure should not be vacated and any funds attached as EFTs should not be immediately released.

On November 2, 2009, Global Maritime Investments ("GMI") submitted a response. GMI asserts that (1) *Shipping Corporation of India* did not apply retroactively or in instances such as this one where the EFTs of an originator were attached; (2) the funds in question were not attached by an "intermediary bank" under New York's Uniform Commercial Code; (3) even if the initial attachments were infirm, all defects were cured when CSN posted alternative security in the form of bonds for the release of the restrained funds; and (4) CSN admitted ownership and submitted to this Court's jurisdiction by seeking countersecurity.[2] Additionally, GMI contends that equity considerations – namely, its reliance on the Bond Agreements and Stipulations and the allegation that CSN has been less than cooperative in the underlying dispute – require that the

---

[2] *See* 11/2/09 Plaintiff Memorandum of Law in Response to Order to Show Cause ("Pl. Mem.") at 3-10; Bond Agreements as Substitute Security for Supplemental Admiralty Rule B Maritime Attachment Pursuant to Supplemental Admiralty Rule E(5), Ex. 7 to 11/2/09 Declaration of Edward W. Floyd, plaintiff's counsel ("Floyd Decl.") ("Bond Agreements"); Stipulations and Order Approving Surety Bond and Releasing Funds Under Attachment, Ex. 9 to Floyd Decl. ("Stipulations").

attachments not be vacated and the attached funds not be released.[3] GMI finally requests that it be permitted further discovery on the question of whether CSN was the "owner" of the EFTs.[4] On November 9, 2009, CSN submitted an opposition to GMI's response, arguing, *inter alia*, that all EFTs were, in fact, attached while being processed by an intermediary bank and that both the Bond Agreements and Stipulations expressly provide that it was "'entirely without prejudice to any and all other rights, claims, counter-claims, and/or defenses whatsoever which are, or may be, available to CSN.'"[5] Plaintiff subsequently submitted a reply on November 12, 2009.[6]

On November 13, 2009, the Second Circuit issued its decision in *Hawknet, Ltd. v. Overseas Shipping Agencies*, holding that *Shipping Corporation of India* applies retroactively.[7] As a result, EFTs may no longer be relied upon to maintain jurisdiction over a defendant that "'is not found within the district'" and that, as a result, a district court "would have to conclude that it can exercise

---

[3]     *See* Pl. Mem. at 9-10.

[4]     *See id.* at 6 n.3.

[5]     *See* 11/9/09 Defendant's Reply to Order to Show Cause at 4-5 (quoting Bond Agreements and Stipulations); *see id.* at 2-3.

[6]     *See* 11/2/09 Plaintiff's Reply Memorandum of Law in Further Response to Order to Show Cause.

[7]     No. 09 Civ. 2128, 2009 WL 3790654, at *3 (2d Cir. Nov. 13, 2009).

personal jurisdiction over the defendant by some other means."[8] Accordingly, the Second Circuit remanded the action "to the District Court with instructions to enter an order to show cause why it should not dismiss the complaint for lack of personal jurisdiction."[9]

Having reviewed GMI's response and carefully considered its arguments in light of *Shipping Corporation of India* and *Hawknet*, GMI's arguments are rejected in their entirety. *Hawknet* makes plain that *Shipping Corporation of India* applies retroactively.[10] *Shipping Corporation of India* also clearly applies to originators as well as beneficiaries.[11] Moreover, CSN has shown, through the submission of copies of the wire transfer instructions for each of the eleven transfers attached by GMI that each transfer was attached at an intermediary bank.[12] Accordingly, the holdings of *Shipping Corporation of India* and *Hawnet*

---

[8] *Id.* (quoting Fed. R. Civ. P. Supp. R. B(1)(a)).

[9] *Id.*

[10] *See Calais Shipholding Co. v. Bronwen Energy Trading Ltd.*, No. 07 Civ. 10609, 2009 WL 4277246, at *3 (S.D.N.Y. Nov. 24, 2009) (rejecting a similar retroactivity argument).

[11] *See Cosco Bulk Carrier Co. Ltd. v. Monjasa A/S*, No. 08 Civ. 9001, Slip op. at *2 (S.D.N.Y. Nov. 25, 2009) (rejecting the same argument as contrary to *Shipping Corporation of India*).

[12] *See* Wire Transfer Instructions, Exs. 2-12 to Declaration of Mauricio Silva de Castro, International Treasury Coordinator for CSN (showing that for each of the eleven wire transfers CSN sent a payment order directly to ABN

are applicable.

In addition, the funds were transferred into the Registry of the Court in accordance with Rule E(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure and section 2464 of title 28 of the United States Code, which provides for the posting of a special bond in the case of an attachment proceeding.[13] CSN expressly reserved its right to assert defenses to both the claims brought in the Complaint and the Rule B Orders. By reserving its rights, CSN did no more than post a bond in lieu of the EFTs; it did not voluntarily or independently possess property in the District. The mere posting of a bond fails to cure the underlying jurisdictional defect for purposes of continuing to restrain the funds or to exercise jurisdiction over CSN.[14] GMI's argument based on CSN's request for countersecurity fails for

---

AMRO Real S.A. or Banco Itau BBA, and not American Express Bank – the bank where the funds were attached).

[13]  *See* Bond Agreements and Stipulations.

[14]  *See HC Trading Int'l Inc. v. Crossbow Cement, SA*, No. 08 Civ. 11237, 2009 WL 4337628, at * 1 (S.D.N.Y. Dec. 2, 2009) ("No alchemy by the parties transformed EFTs that do not provide personal jurisdiction over the defendant under Rule B into a basis for this Court's jurisdiction over the defendant."); *Calais Shipholding Co.*, 2009 WL 4277246, at *3 ("The Court declines to manipulate the Second Circuit's decision in *Shipping Corp. of India* by permitting a party to benefit from the tainted results of an improper attachment.").

the same reasons.[15]

This Court lacks jurisdiction over CSN and there are no grounds on which to assume that further discovery is either warranted or would yield fruitful results. Furthermore, the Court is not swayed that equity considerations require that the funds remain attached, particularly where the initial attachment was infirm and this Court lacks jurisdiction over CSN. If CSN is not acting in accordance with its obligations, the arbitral forum is the appropriate place to raise such concerns. Accordingly,

IT IS HEREBY ORDERED that the ex parte Orders for Process of Attachment and Garnishment issued in this action be vacated and any funds originally attached as EFTs pursuant to those Orders be immediately released.

GMI contends that it can support "the issuance of process of maritime attachment and garnishment in the full amount of GMI's claims as set forth in GMI's Third Amended Complaint, on the basis of CSN having property, other than intermediary EFTs, within the District."[16] If GMI is able to establish that this

---

[15] *See Western Bulk Pte Ltd. v. Inspat Indus. Ltd.*, No. 08 Civ. 9776, 2009 WL 4039435, at *1 (S.D.N.Y. Nov. 23, 2009) (holding that defendant's filing of a counterclaim in a Rule B action does not "destroy the essentially *quasi in rem* nature of the action or amount to consent to complete jurisdiction under general waiver principles") (quotation marks, alterations and citations omitted).

[16] Pl. Mem. at 10.

Court has jurisdiction over CSN through some means other than EFTs, then GMI may submit a request for the issuance of process of maritime attachment and garnishment within seven (7) days of the date of this Memorandum Opinion and Order. If GMI does not do so within the required time frame, the Court will dismiss the complaint and direct the Clerk of the Court to close this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         December 9, 2009

## - Appearances -

**For Plaintiff:**

Edward William Floyd, Esq.
Michael O'Shea Hardison, Esq.
Eaton & Van Winkle LLP
Three Park Avenue, 16th Floor
New York, New York 10016
(212) 779-9910

**For Defendant:**

John P. Vayda, Esq.
Nourse & Bowles, LLP
One Exchange Plaza
New York, New York 10006
(212) 952-6200